W. J. A. CHEEK v. L. G. SYKES and THOMAS PICKETT.

(Decided March 20, 1900.)

*Summary Ejectment—Landlord and Tenant—Vendor and Vendee—Parties—Practice.*

1. In summary ejectment under the landlord and tenant act in the Justice's Court, when a party who originally placed the tenant in possession makes affidavit that he is a real party in interest in said action; that he is the vendee of plaintiff, and the defendant is his tenant, and moves to be allowed to be made a party to defend his rights, and those of his tenant, who also joins in the motion, the application in the Justice's Court ought to have been allowed.

2. The error was not remedied in the Superior Court, when upon a renewal of the application the applicant was allowed to be made a party-defendant, but was restricted to an answer denying that the defendant is the tenant of plaintiff and alleging that defendant is the tenant of the applicant.

3. The proper practice would have been to remand the cause to the Justice's Court, directing him to allow the applicant to be made a party-defendant, and to plead and defend the action, as he may be advised.

SUMMARY EJECTMENT under landlord and tenant act, commenced in the Justice's Court, and heard on appeal, by *Brown, J.,* at the Superior Court of ORANGE County, October Term, 1899.

At the hearing before the Justice of the Peace, Thomas Pickett and defendant L. G. Sykes both requested the Court by affidavit to permit Thomas Pickett to become a party-defendant in the action, which motion was refused. In the Superior Court this motion was renewed, and his Honor permitted Thomas Pickett to become a party-defendant, and to file an answer denying that defendant Sykes is the tenant of

plaintiff, and alleging that Sykes is the tenant of said Pickett. To his Honor's refusal to permit Thomas Pickett to become a party for all purposes, the defendants excepted, and assigned his Honor's ruling as error.

The following issues are framed by the Court and ordered to be submitted to the jury, viz:

1. Did defendant Sykes lease the property described in the pleadings from the plaintiff?

2. Has said term expired?

3. Does said tenant Sykes wrongfully hold over and detain said property?

4. What rents and damage is plaintiff entitled to recover?

The jury responding in the affirmative to the issues, awarded to the plaintiff $55.33.

Judgment accordingly, and defendants appealed.

The evidence appears in the opinion.

*Messrs. Boone & Bryant,* for appellant.
*Mr. J. C. Biggs,* for appellee.

FAIRCLOTH, C. J. The plaintiff brought this action against defendant Sykes for possession of the premises mentioned, alleging that Sykes was his tenant, and had defaulted in paying rent. The defendant Pickett filed an affidavit before a Justice of the Peace before whom the action was pending, and applied to be made a party-defendant, and to plead and defend the action, alleging that he was the owner and that Sykes was his tenant. This motion was refused, and Pickett appealed to the Superior Court, and renewed his motion to intervene. Pickett was made a party-defendant and was allowed to plead and try the question of tenancy, but, as we understand, was not allowed to make any other defense, and from this ruling, and the judgment recorded, the defendant appealed to this Court.

From the affidavits and evidence it appears that in 1892 the plaintiff, Cheek, contracted to sell the land described to the defendant Pickett, took Pickett's notes for the purchase money, and gave him a bond for title when the purchase price was paid, and Pickett rented the land to Sykes; that Pickett has made some payments.    It also appears that subsequently Pickett agreed that his tenant might pay the rents to the plaintiff, to be credited on his land note; that thereafter the tenant Sykes rented from the plaintiff, agreeing to become his tenant, and that this agreement was entered into without the knowledge or consent of Pickett, who afterwards, for reasons stated in his evidence, forbade Sykes to pay rents to the plaintiff any longer.

We have recited the above for the purpose of saying that we think Pickett has an interest in the matter, and that he has the right to intervene as a party-defendant and make such defense as he may have.

We express no opinion, however, on the rights of the parties, but we think there has been error committed in the course of the proceedings.    The Justice who had the action before him ought to have allowed Pickett to intervene as a party-defendant, and to plead and make his defense, and when the cause came before his Honor by appeal he should have remanded the case to the Justice, with directions to allow Pickett to become a party and to plead.

We, therefore, remand the case to the Superior Court, and direct that his Honor set aside the order heretofore made allowing Pickett to intervene in that court, and that he remand the cause to the Justice of the Peace, directing him to allow Pickett to be made a party-defendant, and to plead and defend the action, as he may be advised.

Error and remanded. .